UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SIMEON ADAMS, )
)
Petitioner, )
)
v. ) No. 2:18-cv-00365-WTL-MJD
)
R. BROWN Warden, )
)
Respondent. )

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Simeon Adams for a writ of habeas corpus challenges a prison disciplinary proceeding identified as disciplinary case number WVE 18-04-0161. For the reasons explained in this Order, Mr. Adams's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## B. The Disciplinary Proceeding

On April 26, 2018, Indiana Department of Correction (IDOC) Correctional Officer K. Johnson wrote a Report of Conduct charging Mr. Adams with possession of a dangerous or deadly weapon, a violation of the IDOC's Adult Disciplinary Code offense A-106. The Report of Conduct states:

> On April 26, 2018 at approx. 1:29 p.m., I c/o K. Johnson, and Sgt. Crusie conducted a cell search in cell 413. Offenders Greene, Frank DOC #963055 and offender Adams, Simeon DOC #249615 are assigned to cell G-413. While conduct[ing] the cell search we discovered a[n] altered box and a piece of sharpened metal with tape as a handle. These finds are resulting as possession of dangerous/deadly property.

Dkt. 8-1.

Mr. Adams was notified of the charge on June 13, 2018, when he received the Screening Report.[1] He plead not guilty to the charge, did not request any evidence, but requested three witnesses: offender Frank Greene, Correctional Officer M. Christy, and Correctional Officer H. Mundy. Dkt. 8-5. Mr. Adams asked the correctional officers to testify that they witnessed offender Greene admitting the weapon was his. *Id.* Offender Greene gave a statement that what was found was a piece of metal from his hot-pot that had broken and was in pieces. Dkt. 8-8. Officers Mundy and Greene gave statements that they did not witness or recall offender Greene making such a statement. Dkts. 8-6 & 8-7.

A hearing was held on June 19, 2018. Mr. Adams gave a statement that his cellmate, offender Greene, admitted in a written statement that the seized item was his. Dkt. 8-10 (Report of Disciplinary Hearing.) The hearing officer did not find offender Greene's statement credible. *Id.* He reasoned that Greene was found not guilty of the same charge at his hearing where he had pled

---

[1] The timeline set out in this Order is from Mr. Adams's re-hearing on this charge. Dkt. 8-10.

not guilty. *Id.* The hearing officer considered these matters as well as staff reports, the correctional officers' statements, and a photograph of the weapon. *Id.*; *see* dkt. 8-3 (photograph of the weapon). The hearing officer found Mr. Adams guilty of the A-106 charge, and imposed sanctions that included the loss of earned credit time. Dkt. 8-10.

Mr. Adams appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Adams asserts two grounds for habeas corpus relief. First, he asserts that he was found guilty despite having a written statement from a witness who admitted the weapon was his. The Court will construe this ground as a challenge to the sufficiency of the evidence. Mr. Adams's second ground for relief asserts that the hearing officer was a supervisor of the prison segregation unit, not a disciplinary hearing officer, which is a violation of IDOC policy 02-04-01.

#### 1. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

This Court cannot reweigh the evidence that was considered by the disciplinary hearing officer. Rather, the Court may only assess whether there was "some evidence" upon which the hearing officer's decision could be based. In this case there was. Correctional officers found an item in a box with a false bottom, and that item – a curved metal strip with one end taped – is "some evidence" that the item was a deadly or dangerous weapon. Mr. Adams had possession or constructive possession of this weapon as it was in his cell. *See Giles v. Hanks,* 72 F. App'x 432, 433–34 (7th Cir. 2003) (citing *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (discussing constructive possession)).

"Some evidence" is present in the record to support the disciplinary hearing officer's decision. Mr. Adams's first ground for relief is **denied**.

### 2. Hearing Officer

Mr. Adams takes issue with Lt. Hiatt conducting his disciplinary hearing, but he provides no authority, other than IDOC policy, for his assertion that Lt. Hiatt should not have conducted the hearing. The respondent notes that Lt. Hiatt is a trained disciplinary hearing officer. Dkt. 8-11. Moreover, however, a prison's failure to follow its own internal policies is not a federal due process violation and cannot support habeas corpus relief. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Mr. Adams's second ground for relief is **denied**.

### 3. Summary

The Court having found that neither of Mr. Adams's grounds for relief have merit, the petition for a writ of habeas corpus must be **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

4

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Adams to the relief he seeks. Accordingly, Mr. Adams's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/5/2019

*William T. Lawrence*
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

Simeon Adams
249615
Wabash Valley Correctional Facility – Inmate Mail/Parcels
Electronic Service Participant – Court Only

Abigail T. Rom
Indiana Attorney General
abby.rom@atg.in.gov